1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

5

6

7

8

HEATH VINCENT FULKERSON,

       Plaintiff,

v.

calPERS, et al.,

       Defendants.

3:20-cv-00251-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

9

10

11

12

13

14

Before the court is Plaintiff Heath Fulkerson's ("Fulkerson"), application to proceed *in forma pauperis* (ECF No. 1), his motion to submit amended complaint (ECF No. 4), and his proposed amended complaint (ECF No. 4-1).  For the reasons stated below, the court recommends that Fulkerson's *in forma pauperis* application (ECF No. 1) be granted, his motion to submit an amended complaint (ECF No. 4) be granted, and his amended complaint (ECF No. 4-1) be dismissed, without prejudice.

15

## I. *IN FORMA PAUPERIS* APPLICATION

16

17

18

19

20

21

22

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

23

24

The Local Rules of Practice for the District of Nevada provide: "Any person who is

25

26

27

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1   unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

2   The application must be made on the form provided by the court and must include a financial

3   affidavit disclosing the applicant's income, assets, expenses, and liabilities."  LSR 1-1.

4         "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

5   particularity, definiteness and certainty."  *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir.

6   1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to

7   enjoy the benefits of the statute."  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331,

8   339 (1948).

9         A review of the application to proceed IFP reveals Fulkerson cannot pay the filing fee;

10  therefore, the court recommends that the application (ECF No. 1) be granted.

11  **II.     SCREENING STANDARD**

12        Prior to ordering service on any defendant, the Court is required to screen an *in forma*

13  *pauperis* complaint to determine whether dismissal is appropriate under certain

14  circumstances.  *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28

15  U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for

16  the enumerated reasons).  Such screening is required before a litigation proceeding *in forma*

17  *pauperis* may proceed to serve a pleading.  *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir.

18  2015).

19        "[T]he court shall dismiss the case at any time if the court determines that – (A) the

20  allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii)

21  fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against

22  a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

23        Dismissal of a complaint for failure to state a claim upon which relief may be granted

24  is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

25  tracks that language.  When reviewing the adequacy of a complaint under this statute, the

26  court applies the same standard as is applied under Rule 12(b)(6).  *See, e.g., Watison v.*

27  *Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a

1   plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)

2   is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

3   claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

4   *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

5          The Court must accept as true the allegations, construe the pleadings in the light

6   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*

7   *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints

8   are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*

9   *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

10         A complaint must contain more than a "formulaic recitation of the elements of a cause

11  of actions," it must contain factual allegations sufficient to "raise a right to relief above the

12  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

13  must contain something more. . . than. . . a statement of facts that merely creates a suspicion

14  [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a

15  minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible

16  on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

17         A dismissal should not be without leave to amend unless it is clear from the face of

18  the complaint the action is frivolous and could not be amended to state a federal claim, or

19  the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,

20  70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

21  **III.    SCREENING OF COMPLAINT**

22         In his amended complaint, Fulkerson sues Defendants calPERS, California

23  Correctional Peace Officers Association, and California Government Operations Agency

24  under 28 U.S.C. § 1332 for a purported contract dispute related to his deceased father's

25  retirement benefits through calPERS for his work as a peace officer in the state of California.

26  (*See* ECF No. 4-1 at 1-2.) Fulkerson seeks payment of his deceased father's "survivor

27  benefits," payment of the proceeds of two life insurance policies, and compensatory

1  damages in excess of $1,000,000.  (*Id.*at 2.)

2  The federal venue statute requires that a civil action be brought in (1) a judicial district

3  in which any defendant resides, if all defendants reside in the same state where the district

4  is located; (2) a judicial district in which a substantial part of the events or omissions giving

5  rise to the claim occurred, or a substantial part of property that is the subject of the action is

6  situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at

7  the time the action is commenced, if there is no district in which the action may otherwise

8  be brought.  28 U.S.C. § 1391(b).  Under 28 U.S.C. § 1406(a), the court shall dismiss or

9  transfer an action laying venue in the wrong district.  *See Au-Yang v. Citibank, N.A.*, 872

10  F.2d 426 (9th Cir. 1989) (holding that the selection between options of dismissal and transfer

11  for improper venue is a matter of discretion).

12  Fulkerson's allegations seem to relate to a dispute with calPERS over the distribution

13  of his deceased father's retirement account and life insurance proceeds.  There is no

14  indication that any of the individual defendants reside in the District of Nevada.  Instead,

15  each of the named defendants appear to reside in Sacramento, California.  (ECF No. 4 at

16  2.)

17  Fulkerson has not alleged that any defendant resides in the District of Nevada, that

18  any of the events giving rise to the action transpired here, and he has not otherwise alleged

19  any connection to this District.  Therefore, it appears the court lacks personal jurisdiction

20  over the defendants and venue is improper in this district.  Therefore, this action should be

21  dismissed, without prejudice, only to the extent Fulkerson may file a complaint stating

22  plausible claims for relief in the correct court.

23  **IV.    CONCLUSION**

24  For the reasons articulated above, the court recommends that Fulkerson's *in forma*

25  *pauperis* application (ECF No. 1) be granted, his motion to submit amended complaint (ECF

26  No. 4) be granted, and that his amended complaint (ECF No. 4-1) be dismissed, without

27  prejudice on a lack of personal jurisdiction and improper venue.

-4-

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.   These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.      RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Fulkerson's motion to submit amended complaint (ECF No. 4) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the amended complaint (ECF No. 4-1);

**IT IS FURTHER RECOMMENDED** that Fulkerson's amended complaint (ECF No. 4-1) be **DISMISSED, WITHOUT PREJUDICE,** to the extent Fulkerson can assert plausible claims for relief in the correct court; and

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED:**   July 13, 2020            .

_____

**UNITED STATES MAGISTRATE JUDGE**