UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATH VINCENT FULKERSON, | Case No. 3:20-cv-00251-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| CALPERS, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

*Pro se* Plaintiff Heath Vincent Fulkerson sued Defendants calPERS, California Correctional Peace Officers Association, and California Government Operations Agency in an apparent attempt to collect on his late father's retirement and life insurance benefits. (ECF No. 4-1.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 5), recommending the Court grant Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) ("IFP Application"),[1] along with his motion to submit an amended complaint (ECF No. 4), but dismiss his amended complaint (ECF No. 4-1) ("FAC") without prejudice for improper venue. Also before the Court are two motions subsequently filed by Plaintiff. (ECF Nos. 7, 9.) The Court construes the earlier-filed motion (ECF No. 7) as an objection to Judge Baldwin's R&R ("Objection"). Because the Court agrees with Judge Baldwin that venue is improper in this district, and otherwise agrees with her recommendations in the R&R—and as further explained below—the Court

---

[1]The Court agrees with Judge Baldwin that Plaintiff does not appear able to pay the filing fee (ECF No. 5 at 2), and will therefore accept her recommendation to grant his IFP Application (ECF No. 1).

will accept and adopt the R&R in full, deny Plaintiff's subsequently-filed motions, and dismiss this case.

**II.     BACKGROUND**

Plaintiff alleges his father died on September 24, 2019. (ECF No. 4-1 at 2.) Plaintiff also alleges he properly followed the procedures to report his father's death, but has never received any survivor benefits or insurance payments from Defendants. (*Id.* at 2.) Defendants are all incorporated in, and have their principal places of business in, California. (*Id.* at 1.) According to Plaintiff's initial complaint, which lists the same three Defendants as his FAC, all three Defendants are located in Sacramento, California. (ECF No. 1-1 at 2.)

**III.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 7.)

**IV.    DISCUSSION**

The Court will accept and adopt the R&R in full and dismiss this case because the Court agrees with Judge Baldwin that, accepting Plaintiff's allegations in his FAC as true, venue is improper in this district. (ECF No. 5 at 4.) As mentioned, while Plaintiff alleges he resides in Nevada, all Defendants reside in Sacramento, California.[2] (ECF No. 1-1 at 2.)

As to Plaintiff's Objection, Plaintiff appears to have confused the concept of diversity jurisdiction with that of venue. (ECF No. 7 at 1 (referring exclusively to diversity

---

[2]This suggests that the Eastern District of California, Sacramento Division, is the appropriate venue for this case. *See* Eastern District of California Local Rules, Rule 120(d), *available at* http://www.caed.uscourts.gov/caednew/assets/File/Local%20Rules%20Effective%202-1-2019(3).pdf.

jurisdiction and not addressing venue).) "'Venue' refers to 'the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general.'" Judge Virginia A. Phillips, Judge Karen L. Stevenson, *Chapter 4, Venue, Section A. General Considerations*, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 4-A (Updated April 2020) (quoting 28 USC § 1390(a)). As Judge Baldwin noted, the Court may dismiss a case for improper venue. (ECF No. 5 at 4 (citing 28 U.S.C. § 1406(a)). The Court chooses to do so here. Plaintiff's Objection is overruled.

Plaintiff's other pending motion filed after Judge Baldwin entered the R&R (ECF No. 9) requests submission of his motion filed that same day (ECF No. 9-1), which requests the Court dismiss Defendant California Government Operations Agency and "move forward to process service of complaint" on the remaining two Defendants (*id.*). The Court denies this motion as moot because, as stated above, the Court is dismissing this entire case for improper venue. *See* 28 U.S.C. § 1406(a).

**V.    CONCLUSION**

The Court notes that Plaintiff made several arguments not discussed above. The Court has reviewed these arguments, and determines they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's Objection to the R&R (ECF No. 7) is overruled.

It is further ordered that Plaintiff's IFP Application (ECF No. 1) is granted.

It is further ordered that Plaintiff's motion to submit an amended complaint (ECF No. 4) is granted.

The Clerk of Court is directed to file Plaintiff's amended complaint (ECF No. 4-1).

It is further ordered that Plaintiff's amended complaint (ECF No. 4-1) is dismissed in its entirety, without prejudice.

It is further ordered that Plaintiff's request to submit a motion regarding service

(ECF No. 9) is denied as moot.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 14th Day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE